LABORDE, Judge.
Ravis Gaspard, plaintiff-appellee, filed this suit to recover past and future damages to his rice farming operation. The district court rendered judgment for Gas-pard against appellants James A. Whitson, Jr., and William Bullen, Inc. We remand the case to the district court for reconsideration of the issue of appellants’ liability under La.Civ.Code art. 2315 and in light of recent jurisprudence.
Ravis Gaspard has been a rice farmer for about thirty years. In September of 1981, he entered into a verbal lease agreement with a landowner (Belaire). Under the agreement, Gaspard was to cultivate rice on seventy-one acres of Belaire’s land and pay Belaire fifteen percent of the yield as a rental fee. In October of 1981, Belaire granted a mineral lease, covering the same property, to the appellants. Appellants moved onto the property and began drilling in the summer of 1982. Drilling was discontinued in August of 1982. Cleanup procedures continued into August of 1983. Alleging crop loss due primarily to soil contamination, Gaspard sued the mineral lessees for damages to his 1982 and 1983 rice crops, for loss of future rice crops, for loss of past and future crayfish harvests, and for mental damages.
The trial judge awarded Gaspard $20,-424.48 for the following damages: 1) loss of five acres of his 1982 rice crop, which appellants admitted to having destroyed ($986.00); 2) loss of revenues due to Gas-pard’s inability to plant twelve of the seventy-one acres in 1983, which in turn was caused toy the destruction by appellants of levees at the site ($2,132.31); 3) loss, due to contamination, of the 1983 crop which was planted ($10,306.17); 4) revenues lost due to Gaspard’s inability to make a second crop in 1983, which loss was also caused by soil contamination ($3,750.00); 5) soil treatment costs ($2,000.00); and 6) reduction of future yields ($1,250.00).
Appellants initially argue that their exception of no right of action was improperly overruled. Their lease with the landowner provides in part: “The Lessee shall be responsible for all damages of Lessor caused by Lessee’s operation.” (Emphasis added.) The lease further provides: “Lessee shall be responsible for all expenses incurred by Lessor in connection with any damages caused by Lessee’s operations on the property herein leased.” (Emphasis added.) Appellants properly point out that the provisions run in favor of the lessor (Belaire) alone. As such, the lease contains no stipulation pour autrui, and the trial judge erred in finding one. The trial judge was correct, however, in holding that Gas-pard had a right to bring the action under the provisions of La.Civ.Code art. 2315, which provides in part: “Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.”
Affirmance of the trial judge's ruling on the no right of action issue is compelled by our Supreme Court’s recent holding in Broussard v. Northcott Exploration Co., Inc., 481 So.2d 125 (La.1986). Brous-sard is identical, on its facts, to the instant suit. The Supreme Court held that the damages clause of a recorded mineral lease, the provisions of which ran in favor of the lessor, created no stipulation pour autrui. The plaintiff, operating under a verbal farming lease from the same lessor, thus had no right of action arising under the mineral lease to sue for crop damage. The Court then cited article 2315 and held that the farm lessee could recover in tort from the mineral lessee for crops damaged by any unreasonable exercise of contractual rights. The farm lessee could also re *1251 cover from the landlord — but not from the mineral lessee — for crops destroyed by the mineral lessee’s reasonable exercise of its rights. This additional cause of action arises, explained the Court, under LSA-R.S. 9:3203. We affirm the ruling that Gaspard has a right of action, arising under article 2315, to bring suit against appellants.
The second question presented is whether the judgment of the trial court is contrary to the law and the evidence, that is, whether Gaspard established that his damages resulted from an unreasonable exercise of appellants’ contractual rights.
The district court’s opinion does not make clear whether all of the damages suffered by plaintiff resulted from an unreasonable exercise by appellants of their contractual rights under the mineral lease. We therefore have no alternative but to remand this case to the district court for reconsideration of the liability issue in light of our Supreme Court’s pronouncements in Broussard, supra.
Taxation of court costs will await the determination of liability by the district court.
AFFIRMED IN PART AND REMANDED.